UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JORGE CRUZ FANO,<br><br>        Plaintiff,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY; ELAINE COSTANZO DUKE, in her official capacity; and KIRSTJEN NIELSEN, in her official capacity; and THOMAS HOMAN, in his official capacity,<br><br>        Defendants. | Civil Action No. _____<br><br>**COMPLAINT** |

**PRELIMINARY STATEMENT**

JORGE CRUZ FANO ("CRUZ" or "Plaintiff") brings this action against the United States Department of Homeland Security ("DHS"); Elaine C. Duke ("Defendant Duke") in her official capacity as former Acting DHS Secretary; and Kirstjen Nielsen ("Defendant Nielsen") in her official capacity as the current DHS Secretary. Plaintiff seeks to enjoin DHS's June 2017 decision to rescind CRUZ'S security clearance to enter the Port Isabel Service Processing Center near Los Fresnos, Texas (Port Isabel Detention Center) which holds detainees of the U.S. Immigration and Customs Enforcement, whose immigration status or citizenship has not been officially determined or are awaiting repatriation (deportation).

CRUZ an employ of KCORP Technology Services, Inc. (KCORP), which provides facility maintenance services for the Port Isabel Detention Center as well as other DHS facilities. CRUZ

1

was assigned to the Port Isabel Detention Center and had been at the facility since 2014.  In June of 2017, the DHS/ICE facility manager rescinded his security clearance.   Denying CRUZ the ability to enter the Port Isabel Detention Center.   Effectively terminating and substantially altering his employment with KCORP.

DHS's actions are consistent with the Trump Administration's (the "Administration") larger, racialized goals concerning immigration.  President Trump has long made clear his antipathy towards Mexican immigrants.  On June 16, 2015, Donald Trump kicked off his campaign with a speech in which he labeled immigrants from Mexico "rapists" and criminals.

> When Mexico sends it people, they're not sending their best.  They're not sending you.  They're sending people that have lots of problems, and they're bringing those problems with us.  They're bringing drugs.  They're bringing crime. They're rapists.[1]

Video footage reveals that President Trump planned his incendiary comments about Mexicans coming to the United States.  The video was released after several news outlets including BuzzFeed, CNN, NBC, ABC, CBS, the Washington Post and the Los Angeles Times filed a motion to access them.[2]  Recently, on January 11, 2018, during a meeting on immigration with several U.S. Senators, Secretary of State Rex W. Tillerson, White House Chief of Staff John F. Kelly, and Defendant Nielsen, the President stated that he did not want immigrants from countries, which he derided as "shithole countries."

President Trump has made clear that he wishes to reduce the number of Mexican immigrants to the United States.  DHS's decision to rescind CRUZ'S security clearance was

---

[1] Adam Edelman, *A look at Trump's most outrageous comments about Mexicans as he attempts damage control by visiting with country's president,* New York Daily News (August 31, 2016, 4:46 P.M.), http://www.nydailynews.com/news/politics/trump-outrageous-comments-mexicans-article-1.2773214

[2] Christina Wilkie, *Trump Planned `Rapist` Comments About Mexicans,* Huffington Post (September 30, 2016, 4:54 P.M.), https://www.huffingtonpost.com/entry/trump-mexicans-rapists_us_57eeb77ce4b082aad9bb342d

infected with the intention to discriminate on the basis of race and/or ethnicity, in violation of the Fifth Amendment.

## **PARTIES**

1.  Plaintiff, Jorge Cruz Fano, is a resident of Cameron County, Texas and he is a Hispanic male over the age of forty (40), is and has been a project manager for KCORP. During the relevant time period he had had been with KCORP for three years. He is a resident alien, born in Vera Cruz Mexico. He has a degree in Civil Engineering form Monterrey Institute of Technology and Higher Education also known as Technologico de Estudios Superiories de Monterrey (ITESM). He resides at 111 Morelos Ave. Rancho Viejo, Cameron County, Texas 78575.

2.  Defendant Department of Homeland Security is a Department of the Executive Branch of the United States Government and an agency within the meaning of 5 U.S.C. § 551. DHS and its component agencies, the U.S. Citizenship and Immigration Services ("USCIS"), U.S. Customs and Border Protection ("CBP"), and U.S. Immigration and Customs Enforcement ("ICE"), are responsible for, *inter alia*, administering DHS facilities and staff, including the Port Isabel Detention Center.

3.  Defendant Elaine Costanzo Duke was Acting Secretary of Homeland Security from on or about July 31, 2017, until on or about December 6, 2017. Defendant Duke currently serves as the Deputy Secretary of DHS. As Acting Secretary, Defendant Duke was responsible for overseeing DHS and for implementing and enforcing America's immigration laws. She is sued in her official capacity.

4.  Defendant Kirstjen Nielsen has been Secretary of Homeland Security since on or about December 6, 2017, and is the senior official at DHS. Defendant Nielsen is responsible for

overseeing DHS, including the Port Isabel Detention Center. Defendant Nielsen is sued in her official capacity.

5.      Defendant Thomas Homan is the Acting Director of U.S. Immigration and Customs Enforcement, He is sued in his official capacity and resides in or near Washington D.C.

## JURISDICTION AND VENUE

1.      The Court has original jurisdiction in this action pursuant to 28 U.S.C. Sections 1331 and 1343 and 42 U.S.C. Section 2000e-5, inasmuch as the matter in controversy is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et seq.

2.      This District possess venue of this matter pursuant to 28 U.S.C. § 1391. The jurisdiction of this Court is invoked to secure protection and redress deprivation of rights guaranteed by federal law, which rights provide for injunctive relief and other relief for illegal employment discrimination.

3.      The amount in controversy in this action exceeds the jurisdictional limits of this Court.

## CAUSES OF ACTION

**A.     Federal Claims**

1.      This employment discrimination lawsuit is brought for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 for employment discrimination on the basis of race, or national origin. DHS discriminated against CRUZ rescinding his security clearance at the Port Isabel Detention Center. DHS has no legitimate, nondiscriminatory basis, for rescinding CRUZ'S security clearance.

2.     DHS, is vicariously liable for the actions of its employees, representative and/or agents who had supervisory status over CRUZ. This discrimination occurred against CRUZ, a native of Veracruz, Mexico in violation of 42 U.S.C. § 1981, for intentional employment discrimination on the basis of race. Such actions were sufficiently severe or pervasive to alter the terms and conditions of CRUZ'S employment with his employer KCORP.

**B.    Statement of Claim**

1.     CRUZ is a 44 year old Hispanic male, born in Veracruz, Mexico. In June of 2017, he was employed at KCORP, a facility maintenance services and management company based out of Fairbanks, Alaska. KCORP's thousand plus employees provides facility maintenance services for DHS/ICE through a General Service Administration (GSA) facilities maintenance and management schedule O3FAC Contracts. Which include building systems, facilities maintenance, and repair solutions. CRUZ was assigned to the Port Isabel Detention Center as a project manager.

2.     On or about June 21, 2017, Janie Bennett (BENNETT) was the Assistant Field Office Director of Enforcement and Removal Operations for U.S. Immigration and Customs Enforcement. Her duties included administering the Port Isabel Detention Center.

3.     Paul Salinas (SALINAS) was the Facility Manager for U.S. Immigration and Customs Enforcement at the Port Isabel Detention Center. BENNETT and SALINAS were employees of DHS/ICE.

4.     SALINAS the facility manager, contacted CRUZ'S supervisor at KCORP, Kevin Heffern. SALINAS instructed Heffern to have CRUZ turn in his government identification card to SALINAS.

5.     SALINAS' recession of CRUZ'S security clearance was improperly motivated by CRUZ'S race or place of national origin.

5

6.     BENNETT'S position as Assistant Field Office Director and SALINAS' position as facility manager empowered them to make decisions about CRUZ that effected a significant change in his work status, such as rescinding his security clearance, reassignment with significantly different responsibilities, or decisions causing significant changes in benefits.

7.     It is unlawful for an employer to discriminate against an employee or subcontractor because of the employee or subcontractor's race or place of national origin. Iseia Cortez, Ernesto Garza, Cristobal Gonzalez and Leonardo Villareal were present at various times when SALINAS used derogatory and racially offensive language with CRUZ. They were also present when his security clearance was revoked and CRUZ was dismissed from the Port Isabel Detention Center.

8.     Prior to CRUZ having his security clearance revoked he was repeatedly harassed by SALINAS. Additionally, BENNETT threatened to have him removed from the facility.

9.     CRUZ was repeatedly called a "mother fucker" and "fucking Mexican" by SALINAS. This abuse occurred over a course of weeks, beginning on or about June 5, 2017, prior to SALINAS and/or BENNETT revoking CRUZ'S security clearance.

10.    During this time, SALINAS would enter CRUZ'S office yelling and cussing at CRUZ.

11.    SALINAS would come into CRUZ'S office, place his hands on CRUZ'S desk, lean over the desk toward CRUZ and start barking orders. All the while, cursing and calling CRUZ a "fucking Mexican." This behavior was not limited to the confines of CRUZ'S office, it also occurred in publicly in the halls of the Port Isabel Detention Center.

12.    On more than one occasion SALINAS approached CRUZ and his assistant while they were discussing work orders and began yelling that they were doing everything wrong. When SALINAS asked to explain what was "wrong" he would not respond, SALINAS would simply

6

call CRUZ a "fucking Mexican." CRUZ reported this behavior to his Senior Project Manager. SALINAS would not have made the derogatory and racially charged comments but for CRUZ'S race and place of national origin.

13. CRUZ does not have to prove that SALINAS' unlawful discrimination was the only reason SALINAS rescinded his security clearance. CRUZ must prove that SALINAS' decision to rescind his security clearance would not have occurred in the absence of such discrimination.

14. SALINAS' position as the facility manager aided him in creating a hostile or abusive work environment. DHS/ICE empowered SALINAS to take tangible employment action against CRUZ and other employees and subcontractors.

15. SALINAS' derogatory and racially charged comments created a hostile and abusive work environment which undermined CRUZ'S authority as a project manager. CRUZ'S employees became afraid to follow work schedules or do tasks he set. SALINAS' revocation of CRUZ'S security clearance resulted his termination, creating a significant change in employment status, for CRUZ.

16. CRUZ was laid off by KCORP for several months and when he was brought back his responsibilities became significantly different.

17. Prior to revoking CRUZ'S security clearance, SALINAS repeatedly demanded CRUZ break protocol ordering him to buy equipment and do work that was outside the scope of KCORP'S contract.

18. CRUZ attempted to follow the policies and contractual guidelines, submitting work and purchase order requests to KCORP. While waiting for a response from KCORP'S contract officer and CRUZ'S Senior Project Manager SALINAS became more and more aggressive and derogatory.

19. It was while waiting for approval of the work orders requests, and in retaliation for CRUZ'S refusal to break protocol, that SALINAS pulled CRUZ'S security clearance.

20. The loss of CRUZ security clearance caused KCORP to lay him off for several months, until they could find another location for him to work. CRUZ'S new assignment with KCORP is further from his home. He now travels extensively to Del Rio, Laredo, and El Paso, Texas and facilities in New Mexico.

21. CRUZ has been forced to incur the additional cost of maintaining an apartment in Del Rio and his home in the Rio Grande Valley, in order to keep his employment.

22. DHS/ICE has not reinstated his security clearance and he currently cannot work at DHS/ICE facilities.

C. **Administrative Procedures**

1. CRUZ filed a discrimination charge against the Defendants contained in EEOC Charge No. 451-2017-02832. KCORP is his employer, however, his complaint specifically references the actions of DHS employees at the facility where he was employed as a subcontractor. A notice of right to sue letter was issued by the EEOC on November 14, 2017.

**PRAYER FOR RELIEF**

WHEREFORE PLAINTIFF PRAYS THAT THIS COURT:

1. Reinstate CRUZ'S ICE security clearance, which was revoked by SALINAS;

2. Award CRUZ compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses, from DHS/ICE, pursuant to 42 U.S.C. § 1981(a)(1);

3. A permanent injunction against future acts of discrimination and harassment against CRUZ by DHS/ICE and the Port Isabel Detention Center management;

8

4. Trial by jury on all issues so triable;

5. Award CRUZ backpay as authorized by 42 U.S.C. § 2000e-5(g)(1);

6. Award CRUZ front pay to the extent applicable. *Mota v. Univ. of Tex., Houst. Health Sci. Dtr.*, 261 F.3d 512, 526 (5th Cir. 2001);

7. Award Attorney's Fees, pursuant to 42 U.S.C. § 2000e-5(k).

8. Award CRUZ punitive damages to the extent allowable against DHS/ICE;

9. Costs expended herein;

10. Pre-judgment interest and post-judgment interst; and

11. Any and all other relief to which CRUZ may be entitled.

Date: February 12, 2018

Respectfully submitted,

/s/ Anthony P. Troiani
Anthony P. Troiani
State Bar No. 00795914
Federal I.D. No. 20607
ANTHONY P. TROIANI, P.C.
1927 Norfolk St.
Houston, Texas 77098
(713) 444-9166 Tel.
(713) 520-8612 Fax.

And

611 E. Washington Street
Brownsville, Texas 78521
(956) 541-4235 Tel.
(956) 992-1086 Fax.
Attorney in Charge for Plaintiff, Jorge Cruz Fano